UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

JOHN TORRES

    Plaintiff,

vs.

CITY OF HIALEAH, a political subdivision of
The State of Florida;
CITY OF HIALEAH POLICE DEPARTMENT;
OFFICER RUBEN MIGUEL; and OFFICER
NORBERTO LOPEZ.

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES**

The Plaintiff, John Torres, sues Defendants City of Hialeah, City of Hialeah Police Department, Officer Ruben Miguel and Officer Norberto Lopez for damages and states as follows:

### **Jurisdiction**

1)    This is an action pursuant to Title 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights and privileges by the Defendants who were acting under color of Florida Law at all times material hereto, for false arrest and malicious prosecution.

2)    This Court has original jurisdiction over the parties in and for count 1, the violation of civil rights claim. It has pendant jurisdiction over counts 2 and 3 since they are related to and arise out of the same fact pattern as Count 1.

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 2 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 2 of 8

## General Allegations, the Parties and Venue

3) Plaintiff has retained the services of the undersigned law firm and agreed to pay a reasonable fee therefore.

4) All conditions precedent necessary to the maintenance of this action have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives.

5) Plaintiff did not consent to his arrest, imprisonment or subsequent prosecution nor did Plaintiff consent to having his booking photos distributed to any third parties in general and under the title "Hialeah Criminal" in particular.

6) Plaintiff is a resident of Miami-Dade County and was wrongly arrested and prosecuted in Miami-Dade County, Southern District of Florida.

7) Defendant Officer Ruben Miguel, at all times material hereto, was an employee of Defendant City of Hialeah Police Department and City of Hialeah, both of which are located in Miami-Dade County, Florida, Southern District of Florida.

8) Defendant Officer Norberto Lopez, at all times material hereto, was an employee of Defendant City of Hialeah Police Department and City of Hialeah, both of which are located in Miami-Dade County, Florida.

9) Defendant City of Hialeah is a Political Entity of the State of Florida located in Miami-Dade County, Florida, Southern District of Florida.

10) Plaintiff has never been convicted of any crime and is not, by definition, a criminal.

11) Officer Ruben Miguel was acting within the course and scope of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah Police Department and Defendant City of Hialeah at all times material hereto.

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 3 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 3 of 8

12)  Defendant Officer Norberto Lopez was acting within the course of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah Police Department and Defendant City of Hialeah at all times material hereto.

## DEMAND FOR JURY TRIAL

13)  Plaintiff hereby demands trial by jury of all counts herein.

## STATEMENT OF FACTS

14)  Plaintiff was lawfully driving his automobile on August 17, 2011, on 103th Street in the City of Hialeah, Miami-Dade County within the Southern District of Florida.

15)  Officers Miguel and Lopez, for reasons unknown, decided to stop and harass Plaintiff and so instituted a bogus traffic stop.

16)  Upon being stopped Plaintiff was confronted with conflicting shouting commands from the Officers who never informed Plaintiff of his alleged traffic violations but instead commanded Plaintiff to "assume the position" thereafter arresting Plaintiff by handcuffing and placing him in the rear seat of a Police vehicle.

17)  Officer Miguel thereafter, and without legal justification, issued Citation number 2426GUB claiming Plaintiff's license plate was unlawfully obscured, Citation Number 2482GUB claiming that Plaintiff did not possess a license plate; Citation Number 2485GUB claiming that Plaintiff did not have the proper insurance documentation and Citation number 2484GUB claiming that Plaintiff did not have the proper registration documents in the vehicle.

18)  Plaintiff in fact had proof of insurance and registration documents in the vehicle or on his person and the vehicle had a lawfully visible license plate.

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 4 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 4 of 8

19)   Plaintiff was thereafter taken to the City of Hialeah Police Department where he was processed and taken into custody. Plaintiff remained in jail overnight until he was able to secure bond allowing him to be released.

20)   Thereafter Plaintiff was informed that he had been arrested for resisting arrest without violence.

21)   Defendant Officers Miguel and Lopez thereafter prepared false Police reports in an attempt to cover up their wrongful actions.

22)   No Hialeah Police officer appeared at any of the three hearings set for Plaintiff's traffic tickets or for the trial on Plaintiff's charge of resisting arrest without violence, Case No. B11-036834, a total of three hearings. No officer was available for the first trial setting so that the State was forced to seek a continuance. All charges were eventually dismissed for lack of prosecution.

## Count I
## Violation of Constitutional or Civil Rights

23)   Plaintiff repeats and re-alleges Paragraph 1 though 22 as if set forth herein.

24]   Defendant Officer Miguel, City of Hialeah Police Department and Defendant Officer Lopez acting under color of State law arrested Plaintiff and initiated criminal charges against him in violation of Plaintiff's rights and privileges as protected by the Fourth and Fifth Amendment to the United States Constitution as made applicable to the states via the 14th amendment.

25)   The arrest, initiation of charges at the request of defendants Miguel and Lopez, and subsequent prosecution of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights as guaranteed by the

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 5 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 5 of 8

Constitution, and the Fourth and Fifth Amendments to the United States Constitution as made applicable to the states via the 14th Amendment.

26) Defendants knew or should have known that the arrest, initiation of charges at their request based on false accusations and subsequent prosecution of Plaintiff under the circumstances outlined herein were in violation of his clearly established constitutional rights and otherwise illegal and unsupported by arguable probable cause or sufficient reliable evidence.

27) The City of Hialeah Police Department through its operation of the police department, as created, fostered and allowed by the command structure, at a minimum, tacitly approved the illegal and arrogant behavior of Defendants Lopez and Miguel as alleged herein, and generally allows officers to freely dispense "street justice" for even perceived slights, without regard to recognized objective legal standards or the constitutional rights of Plaintiff herein.

28) Additionally, Defendant City of Hialeah and the Police Department conducted an internal affairs investigation on its own initiative, after receipt of Plaintiff's statutorily required notice which ignored incriminating evidence and "cleared" Defendant officers of wrongdoing in an attempt to "whitewash" the incident.

29) Plaintiff was damaged as a result of the above mentioned violations of his Constitutional Rights including but not limited to his unlawful seizure, detention, loss of income, and expenses incurred in the defense of the criminal cases including expenses of bond and attorney's fees, damage to his reputation and employability, negative and embarrassing publicity rising to the level of libel per se, loss of his job and income therefrom, damage to his future earning capacity.

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 6 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 6 of 8

WHEREFORE Plaintiff demands judgment against Defendants for damages including attorney's fees incurred herein, costs, and for such other and further relief as is determined to be just and proper.

## Count II
## False Arrest

30) Plaintiff repeats and re alleges Paragraphs 1 through 22.

31) Plaintiff was wrongfully detained and arrested.  He was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by both the Federal and State constitution.

32) Plaintiff was restrained in his movements by Defendants Miguel and Lopez at the scene of his arrest and afterwards. The Defendant Officers did not have probable cause or arguable probable cause to accuse Plaintiff of committing any crime nor any justification for stopping Plaintiff or restraining Plaintiff's freedom in any fashion.

33) Plaintiff has suffered damages as a direct result of his wrongful arrest including but not limited to physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income, the expenses of posting bail, the imposition of an arrest record against Plaintiff and the costs of hiring an attorney to defend himself against these false accusations. His future employability is impaired and he lost his job. He has been therefore been labeled a criminal on the internet, which slanderous statement can never be retracted nor corrected.

WHEREFORE Plaintiff demands Judgment against Defendants for damages, costs, and for such other relief as the Court deems just and proper.

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 7 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 7 of 8

## Count III
## Malicious Prosecution

34) Plaintiff repeats and re alleges Paragraphs 1 through 22.

35] As a result of the Plaintiff's wrongful arrest he became a defendant in the Case of <u>State vs. John Torres</u>, Case No. B11-036834.

36) The above criminal case was commenced against Plaintiff as a result of the wrongful arrest and improper police procedures used by Defendants, including the preparation of false police reports, utilized by Defendant Officers Ruben Miguel and Norberto Lopez, who were both acting within the course and scope of their employment by Defendant City of Hialeah Police Department all times material hereto.

37) Plaintiff secured a bonafide termination of said cases in his favor when the criminal case against him was nol-prossed on the 28th day of November 2011.

38) There was neither probable for Plaintiff's arrest or the institution or continuation of the prosecution against Plaintiff as much as there was insufficient evidence that Plaintiff ever committed any crime.

39) The Defendants acted with legal malice because there was no probable cause for Plaintiff's arrest, the initial stop. Defendants apparently wanted to teach Plaintiff a lesson for some perceived personal slight or disrespect. Alternatively the actions of Officers Miguel and Lopez, by stopping and arresting Plaintiff despite lack of any wrongdoing and then issuing completely unjustified tickets and falsifying police reports, constituted legal malice, the equivalent of actual malice.

40) Plaintiff suffered damages as a direct result of the malicious prosecution wrongfully instituted against him including but not limited to the costs of hiring a lawyer to defend the charges, expenses of posting bond, embarrassment and humiliation at

Case 1:12-cv-24463-MGC   Document 1   Entered on FLSD Docket 12/19/2012   Page 8 of 8

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 8 of 8

being prosecuted, the imposition of a criminal arrest record against Plaintiff, emotional distress and outrage, embarrassment, humiliation and mental suffering, the loss of his job, and the impairment of his future employment prospects.

WHEREFORE Plaintiff demands judgment against Defendants for damages, costs and for such other relief as the Court deems just and proper.

Dated this 19th day of December, 2012.


DeFABIO and FENN, P.A.
2333 Brickell Avenue, Ste A-1
Miami, FL 33129.
(305) 448-7200/Fax: 305-444-0913


By:   /s/ Leonard P. Fenn
LEONARD P. FENN, ESQ.
F.B.N. 237337