UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  12-cv-24463-Cooke

JOHN TORRES

    Plaintiff,

vs.

CITY OF HIALEAH, a political subdivision of
The State of Florida; OFFICER RUBEN
MIGUEL; and OFFICER
NICOLAS LOPEZ.

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES

The Plaintiff, John Torres, sues Defendants City of Hialeah, Officer Ruben Miguel and Officer Nicolas Lopez for damages and states as follows:

### Jurisdiction

1)   This is an action pursuant to Title 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights and privileges by the Defendants who were acting under color of Florida Law at all times material hereto, for false arrest and for malicious prosecution.

2)   This Court has original jurisdiction over the parties in and for count 1, the violation of civil rights claim. It has pendant jurisdiction over counts 2 and 3 since they are related to and arise out of the same fact pattern as Count 1.

### General Allegations, the Parties and Venue

3)   Plaintiff has retained the services of the undersigned law firm and agreed to pay a reasonable fee therefore.

Case 1:12-cv-24463-MGC Document 26 Entered on FLSD Docket 03/28/2013 Page 2 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 2 of 10

4) All conditions precedent to this action and the right to collect attorney's fees have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives.

5) Plaintiff did not consent to his arrest, imprisonment or subsequent prosecution nor did Plaintiff consent to having his booking photos available for direct or indirect distribution to any third parties or for completely unmonitored publication on the Internet in general and to a website titled "Hialeah Criminals" in particular.

6) Plaintiff is a resident of Miami-Dade County and was wrongfully arrested and prosecuted in Miami-Dade County, Southern District of Florida.

7) Defendant Officer Ruben Miguel, at all times material hereto, was an employee of the Hialeah Police Department and Defendant City of Hialeah, both of which are located in Miami-Dade County, Florida, Southern District of Florida.

8) Defendant Officer Nicolas Lopez, at all times material hereto, was an employee of the City of Hialeah Police Department and City of Hialeah, both of which are located in Miami-Dade County, Florida.

9) Defendants Miguel and Lopez knew or should have known that the State in criminal cases is obligated to disclose witnesses such as Defendant Lopez, a participant in and a witness to the stop and arrest of Plaintiff, in the discovery process, Defendant Officer Lopez and the transport officer, also a witness to portions of the encounter, were purposefully and wrongfully omitted from Defendant Miguel's arrest affidavit and or reports and supplements submitted to the State Attorney's office and the Court system. This in turn resulted in the state failing to disclose Defendant Lopez and the transport officer in discovery.

Case 1:12-cv-24463-MGC   Document 26   Entered on FLSD Docket 03/28/2013   Page 3 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 3 of 10

10) Defendant City of Hialeah is a Political Entity of the State of Florida located in Miami-Dade County, Florida, Southern District of Florida.

11) Plaintiff has never been convicted of any crime and is not a criminal.

12) Defendant Officer Ruben Miguel was acting within the course and scope of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah at all times material hereto.

13) Defendant Officer Nicolas Lopez was acting within the course and scope of his employment, or acting on behalf of and for the benefit of Defendant City of Hialeah at all times material hereto,

14) Defendants Lopez and Miguel, at all times material hereto, were acting in bad faith or with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety or property.

## DEMAND FOR JURY TRIAL

15) Plaintiff hereby demands trial by jury of all counts herein.

## STATEMENT OF FACTS

16) Plaintiff was lawfully driving his automobile on August 17, 2011, on 103th Street in the City of Hialeah, Miami-Dade County within the Southern District of Florida.

17) Defendant Officer Miguel, for reasons unknown, stopped Plaintiff, claiming Plaintiff's license plate was not sufficiently visible.  Defendant Officer Lopez, who was apparently nearby, stopped and assisted Defendant Miguel.

18) Plaintiff was ordered to step out of his vehicle by one Defendant. While Plaintiff stepping out as ordered, he was simultaneously ordered by the other officer to unlock the passenger side door. Plaintiff tried to explain that the door only opened from the outside with the key. After Plaintiff got out he was ordered to go to the back of the

Case 1:12-cv-24463-MGC   Document 26   Entered on FLSD Docket 03/28/2013   Page 4 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 4 of 10

car, place his hands on the trunk, lean over and push his feet back, (i.e. "assume the position"). Plaintiff was therefore in custody

19) Plaintiff complied but then asked why he had to put his hands on the trunk and why he had been pulled over. One officer then yelled to the other "hey look this guy doesn't want to put his hands on the trunk." The other officer responded, "then arrest him."

20) The officer at the trunk then grabbed Plaintiff's arms and forced Plaintiff to lie down on the trunk of the car and handcuffed him. Plaintiff remarked that "you guys are making a big mistake."

21) Plaintiff was left handcuffed by the trunk while both officers searched his car, finding nothing illegal and no contraband of any kind. One officer then told Plaintiff "you are going to jail tonight" while the other one said that they now had to take him in for something. Later on one of the officers said that they arrested Plaintiff so he could learn his lesson. Plaintiff was then informed that the officer had "him down for battery on a police officer." The officer continued speaking, telling Plaintiff he was being placed under arrest and that he, the officer, would use his Taser if Plaintiff gave him a hard time. The officer added that since Plaintiff had lied to him that he, the officer, was going to give Plaintiff a ticket for everything he, the officer, could think of. Plaintiff had previously been asked about his record to which Defendant had replied he had none, since the one criminal case against him had been dismissed.

22) The Defendant officers were not in the performance of any lawful duties at the time Plaintiff was detained and arrested.

23) Plaintiff was not issued any tickets at the scene.

Case 1:12-cv-24463-MGC   Document 26   Entered on FLSD Docket 03/28/2013   Page 5 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 5 of 10

24) Plaintiff was taken to the City of Hialeah Police Department where he was processed, then eventually taken to the Dade County jail. Plaintiff remained in jail overnight until he was able to secure bond allowing him to be released.

25) Officer Miguel at some time during the evening issued the following citations to Plaintiff claiming that:

a. Plaintiff's license plate was unlawfully obscured in violation of F.S. § 316.605(1), #2842GUB, in that it had a plastic shaded cover that was making it unreadable;

b. Plaintiff was not using a seat belt in violation of F.S. § 316.614(4)(b), #2483GUB;

c. Plaintiff did not possess a certificate of registration in violation of F.S. § 320.0605, #2484GUB ;

d. Plaintiff did not possess proof of insurance in violation of F.S. § 316.646(1), #2485GUB.

26) Plaintiff in fact had insurance, proof of insurance and registration documents in the vehicle or on his person. A routine records check would have revealed the same. He was wearing a seat belt. The vehicle had a lawfully visible license plate. Plaintiff was never asked to produce any of the listed papers and was never given a chance to produce any.

27) Defendant Officer Miguel simultaneously or shortly thereafter prepared false Police reports in an attempt to cover up the wrongful actions, falsely describing or intentionally omitting a true retelling of the events of the night, the sequence of the stop, the illegal search, and the presence and participation of Defendant Officer Lopez and the transporting officer.

Case 1:12-cv-24463-MGC   Document 26   Entered on FLSD Docket 03/28/2013   Page 6 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 6 of 10

28)     Plaintiff thereafter learned that he had been arrested for resisting arrest without violence.

29)     Defendant Officer Miguel did not appear at any of the hearings set for Plaintiff's traffic tickets or for the trials on Plaintiff's charge of resisting arrest without violence, Case No. B11-036834.  The tickets were dismissed since Plaintiff in fact had the necessary documents. One ticket was dismissed by the Court. The misdemeanor was noll prossed after Defendant Miguel twice failed to appear.

## Count I
## Violation of Constitutional or Civil Rights

30)     Plaintiff repeats and re-alleges Paragraph 1 through 29 as if set forth herein.

31)     Defendant Officer Miguel, City of Hialeah and Defendant Officer Nicolas Lopez were acting under color of State law when they arrested Plaintiff and initiated criminal charges against him in violation of Plaintiff's rights and privileges as protected by the Fourth and Fifth Amendment to the United States Constitution as made applicable to the states via the 14th amendment.

32)     The arrest, by Defendants Miguel and Lopez, the initiation of charges at the request of Defendant Miguel, and subsequent prosecution of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights as guaranteed by the Constitution, and the Fourth and Fifth Amendments to the United States Constitution as made applicable to the states via the 14th Amendment.

33)     Defendants knew or should have known that the arrest, initiation of charges at the request of Defendant Miguel based on false accusations, and the subsequent prosecution of Plaintiff under the circumstances outlined herein were in

Case 1:12-cv-24463-MGC  Document 26  Entered on FLSD Docket 03/28/2013  Page 7 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 7 of 10

violation of his clearly established constitutional rights and otherwise illegal and unsupported by arguable probable cause or sufficient reliable evidence.

34) The City of Hialeah through its operation of the police department, as created, fostered and allowed by the command structure, at a minimum, tacitly approved the illegal and arrogant behavior of Defendants Miguel and Lopez, and generally allows officers to freely dispense "street justice" for even perceived slights, without regard to recognized objective legal standards or the constitutional rights of citizens or others with whom the Defendants may come into contact with, including Plaintiff herein.

35) Additionally, City of Hialeah Police Department, on behalf of Defendant City of Hiealeah, conducted an internal affairs investigation without a request from Plaintiff but after receipt of Plaintiff's statutorily required pre-suit notice which investigation "cleared" Defendant Miguel of wrongdoing in an attempt to "whitewash" the incident. Both Officer Lopez and the transporting officer, who were omitted from all police reports, testified in the Internal Affairs investigation.

36) Plaintiff has suffered damages as a direct result of the violation of his civil rights including but not limited to physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income, the expenses of posting bail, the imposition of an arrest record against Plaintiff and the costs of hiring an attorney to defend himself against these false accusations. His future employability is impaired. He lost his job and business opportunities. He has been falsely labeled a criminal on the internet, which libelous statement can never be retracted nor corrected.

Case 1:12-cv-24463-MGC   Document 26   Entered on FLSD Docket 03/28/2013   Page 8 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 8 of 10

WHEREFORE Plaintiff demands judgment against all Defendants for damages including attorney's fees incurred herein, costs, and for such other and further relief as is determined to be just and proper.

## Count II
## False Arrest

37) Plaintiff repeats and re alleges Paragraphs 1 through 29.

38) Plaintiff was wrongfully detained and arrested. He was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by both the Federal and State constitution.

39) Plaintiff was restrained in his movements by Defendants Miguel and Lopez at the scene of his arrest and afterwards. The Defendant Officers did not have arguable probable cause to accuse Plaintiff of committing any offense for which arrest is lawful nor any justification for restraining Plaintiff's freedom as they did.

40) Plaintiff has suffered damages as a direct result of his wrongful arrest including but not limited to physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income, the expenses of posting bail, the imposition of an arrest record against Plaintiff and the costs of hiring an attorney to defend himself against these false accusations. His future employability is impaired and he lost his job and business opportunities. He has been falsely labeled a criminal on the internet, which libelous statement can never be retracted nor corrected.

WHEREFORE Plaintiff demands Judgment against Defendant Officers for damages, costs, and for such other relief as the Court deems just and proper.

Case 1:12-cv-24463-MGC   Document 26   Entered on FLSD Docket 03/28/2013   Page 9 of 10

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 9 of 10

## Count III
## Malicious Prosecution

41) Plaintiff repeats and re alleges Paragraphs 1 through 29.

42) As a result of the Plaintiff's wrongful arrest he became a defendant in the Case of State vs. John Torres, Case No. B11-036834.

43) The above criminal case was commenced against Plaintiff as a result of the wrongful arrest and improper police procedures used by Defendants Miguel and Lopez including the preparation and use of false police reports prepared by Defendant Officer Miguel, while both officers were acting within the course and scope of their employment by Defendant City of Hialeah at all times material hereto.

44) Plaintiff secured a bonafide termination of said case in his favor when the criminal case against him was nol-prossed on the 28th day of November 2011. The traffic tickets were previously dismissed.

45) There was no probable cause nor arguable probable cause for Plaintiff's arrest or the institution or continuation of the prosecution against Plaintiff as much as there was insufficient evidence that Plaintiff ever committed an arrestable offense.

46) The Defendant officers acted with legal malice because there was no arguable probable cause for Plaintiff's arrest or the initial stop nor would a truthful retelling of the encounter between Defendant officers and Plaintiff justify a criminal prosecution. The Defendant officers apparently wanted to teach Plaintiff a lesson for some perceived personal slight or disrespect. The Defendant Officers, by stopping and arresting Plaintiff without justification, then issuing completely unjustified tickets and falsifying police reports to justify their actions, knowing that said false reports would be

Torres v. City of Hialeah, et.al.
Complaint for Damages
Page 10 of 10

relied upon by the State Attorney's office in deciding whether to prosecute Plaintiff, thereby maliciously instituted criminal proceedings against Plaintiff.

47) Plaintiff has suffered damages as a direct result of the malicious prosecution against him including but not limited to physical inconvenience, physical discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income, the expenses of posting bail, the imposition of an arrest record against Plaintiff and the costs of hiring an attorney to defend himself against these false accusations. His future employability is impaired and he lost his job and business opportunities. He has been falsely labeled a criminal on the internet, which libelous statement can never be retracted nor corrected.

WHEREFORE Plaintiff demands judgment against Defendant Officers for damages, costs and for such other relief as the Court deems just and proper.

Dated this 28th day of March, 2013.

DeFABIO and FENN, P.A.
2333 Brickell Avenue, Ste A-1
Miami, FL 33129.
(305) 448-7200/Fax: 305-444-0913
Attorneys for Plaintiff

By:   /s/ Leonard P. Fenn
       LEONARD P. FENN, ESQ.
       F.B.N. 237337