**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 12-CIV-24463-COOKE/TURNOFF**

| | | |
|---|---|---|
| **JOHN TORRES,** | : | |
| **Plaintiff,** | : | |
| | : | **DEFENDANTS'** |
| **vs.** | : | **JOINT MOTION** |
| | : | **TO ENFORCE SETTLEMENT** |
| **CITY OF HIALEAH, a political sub-** | : | |
| **division of the State of Florida;** | : | |
| **OFFICER RUBEN MIGUEL; and** | : | |
| **OFFICER NICOLAS LOPEZ,** | : | |
| | : | |
| **Defendants.** | : | |

_____

Defendants, **CITY OF HIALEAH** ("City"), and Officers **RUBEN MIGUEL** and

**NICOLAS LOPEZ**, by and through their undersigned counsel, move to enforce compliance with

the terms of a settlement between the parties. In the alternative, the Defendants move to strike

Plaintiff's pleadings and enter a default judgment in Defendants' favor or dismiss Plaintiff's suit

with prejudice. As grounds therefore it is alleged as follows:

1. Prior to June 12, 2013, Plaintiff expressly authorized his counsel of record, Leonard Fenn,

to settle this case for minimal damages. [DE#33, 1:4-5].

2. Over a period of several days prior to Plaintiff's video deposition, Mr. Fenn negotiated

a settlement within the framework of this authorization. [DE#33, 1:6].

3. The terms of settlement were memorialized in a writing dated June 12, 2013, and emailed

to Mr. Fenn at 4:03 p.m. [Exhibit A]. It provided for dismissal of all claims against all defendants

with prejudice.

4. At 4:46 p.m. that same day, Mr. Fenn advised in writing that the terms memorialized in

the first writing conformed to the parties oral agreement. [Exhibit B].

5. Based on the assent to the settlement, as noted in the 4:03 p.m. writing, the Defendants cancelled the Plaintiff's video deposition which had been scheduled for the next day. [Exhibit A].

6. A release was drafted and forwarded to Mr. Fenn for execution by his client. [Exhibit C]. In accordance with the instructions received from Mr. Fenn in his written acceptance and concurrence to the written terms of settlement, a check was issued by the City's third party claims management service and made payable to Mr. Fenn's trust account. [Exhibit D].

7. Two days after acceptance, Plaintiff attempted to rescind or re-negotiate the terms of the settlement and instructed his attorney to attempt to increase the amount that would be paid by the City from $3,000.00 to $13,500.00. [Exhibit E]. The post settlement demand was characterized by Plaintiff's counsel as a "counter offer." [Exhibit E]. The attempt to characterize the post settlement demand as a "counter offer" was immediately rejected by Defendants [Exhibit F] who unambiguously stated that it was their intent to hold Plaintiff to the terms of the settlement as previously accepted.

8. Plaintiff refuses to abide by the settlement and has not executed the release. [DE#33, 1:7].

Wherefore, Defendants demand that the Court enforce the settlement agreement, compel Plaintiff to abide by the agreed terms, including executing the release and accepting the settlement proceeds payable to Mr. Fenn's client trust account, and that the Court dismiss the suit with prejudice.

### Argument & Authorities

A federal "district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." *Kent v. Baker*, 815 F.2d

1395, 1400 (11th Cir.1987); *see Le Bon Pain, Inc v. Guyon & Co., Inc.*, 720 F.Supp. 983, 984-85 (S.D. Fla. 1989). "[A] district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.' " *Kent v. Baker*, 815 F.2d 1395, 1398 (11th Cir. 1987). "[W]here material facts concerning the existence of an agreement to settle are in dispute, the entry of an order enforcing an alleged settlement agreement without a plenary hearing is improper. *Massachusetts Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir.1972)[1]. However, where as in the pending case, the evidence indicates that the parties had agreed to all material terms of a settlement, as reflected in attachments to a motion to enforce, the attachments to the motion show that the terms of the settlement agreement are complete, and Plaintiff's counsel has confirmed the settlement to the Court [DE#33, 1:6], "the settlement should be enforced summarily." *Christopher v. Damiano Long, LLC*, 2007 WL 1839288, *2 (M.D.Fla. 2007).

"The [federal] Court should look to Florida law to determine whether the parties reached an enforceable settlement agreement." *BP Products North America, Inc. v. Oakridge at Winegard*, 469 F.Supp.2d 1128 (M.D.Fla. 2007). "A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905–06 (11th Cir.1987); *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985). "The general rule is that, in the absence of statutory requirement, no particular form of agreement is essential to the validity of a compromise; and it need not be in writing unless it is so required by special statute." *National Surety Co. v. Willys-Overland, Inc.,* 103 Fla. 738, 742 138 So. 24, 26 (Fla. 1931). In Florida, "settlements are highly favored and will be enforced whenever

---

[1]All Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

3

possible." *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985). "In fact the general rule is that courts, and the law itself, favor the compromise and settlement of disputed claims and will sustain such settlements if fairly made between competent parties, because it is to the interest of the state and the parties themselves that there should be an end to litigation." *National Surety Co. v. Willys-Overland, Inc.,* 103 Fla. 738, 742 138 So. 24, 26 (Fla. 1931).

"To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295, 297 (Fla. 4th DCA 2003). The test of whether an agreement is enforceable is objective. Agreement depends "not on the parties having meant the same thing but on their having said the same thing." *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985)(internal citations omitted).

Under Florida law, "[t]he party seeking judgment based on a settlement has the burden of establishing **assent by the opposing party** and must establish that there was a meeting of the minds or mutual or **reciprocal assent to certain definite propositions**. To result in a contract, an acceptance of an offer must be absolute and unconditional, identical with the terms of the offer and in the mode, at the place and within the time expressly or impliedly required by the offer." *Ribich v. Evergreen Sales & Serv., Inc.*, 784 So.2d 1201, 1202 (Fla. 2nd DCA 2001) (internal citations omitted)(emphasis added). "[I]f the offer be accepted without conditions, and without varying its terms, [a]nd the acceptance be communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at pleasure." *Kendel v. Pontious*, 261 So.2d 167, 169 (Fla. 1972); *Ryan v. U.S.*, 136 U.S. 68, 85 10 S.Ct. 913, 919 (1890).

In the present litigation the parties mutually assented to the terms of settlement. The material facts concerning the existence of an agreement to settle this litigation are **not** in dispute. On or about

4

June 11, 2013, Plaintiff initiated settlement negotiations through his counsel by communicating a settlement demand to Mr. Desai who was authorized to negotiate on behalf of all Defendants. Defendants made a counter offer. Negotiations continued through June 12, 2013. Plaintiff's counsel communicated Defendants' proposals to his client throughout the negotiations and made demands based on his client's authorization. On June 12, 2013, Plaintiff's counsel advised Mr. Desai that his client accepted the City's last offer. The terms of settlement were memorialized in a writing dated June 12, 2013, and immediately emailed to Plaintiff's counsel. [Exhibit A]. At 4:46 p.m. that same day, Plaintiff's counsel advised in writing that the terms set out in the first writing accurately recited the terms of the parties' agreement. [Exhibit B].

The dispute in this case involves only the legal effect of an attempt to rescind the acceptance.[2] It is clear under Florida law that the "attempt to revoke ... acceptance of the settlement agreement after emailing [explicit concurrence with its terms] ... was ineffective." *American Appraisal Associates, Inc. v. American*, 531 F.Supp.2d 1353, 1358 (S.D.Fla 2008). Under Florida law the settlement agreement is enforceable and cannot be unilaterally rescinded. "The right to withdraw and repudiate the acceptance of an offer is dependent upon the initial determination of when that acceptance is effective and irrevocable." *Kendel v. Pontious*, 261 S.2d 167,170 (Fla. 1972). "If an offer is accepted without conditions, and without varying its terms, and the acceptance is communicated to the other party without unreasonable delay, a contract arises, from which neither

_____

[2]Technically, there was oral agreement to the terms of settlement prior to emailing a written memorandum of the terms to which the parties had agreed. The oral agreement itself, was an enforceable settlement agreement. *Sockolof v. Eden Point North Condominium Ass'n, Inc.,* 421 So.2d 716, 718 (Fla. 3d DCA 1982). Technically, the acceptance occurred prior to the drafting of the memorandum and concurrence with the written terms set forth in the memorandum was simply a ratification of those terms which were now reduced to writing.

party can withdraw at its pleasure." *American Appraisal Associates, Inc. v. American*, 531 F.Supp.2d 1353, 1358 (S.D.Fla 2008). That is precisely the posture of the instant settlement. The settlement agreement was legally binding at and prior to the moment Plaintiff through his counsel notified Defendants via email that the written memorandum accurately embodied the essential terms of the agreement. *American Appraisal Associates, Inc. v. American*, 531 F.Supp.2d 1353, 1358 (S.D.Fla 2008). At the point the email was transmitted, acceptance was absolute and unconditional and expressly declared that the memorialized terms were as the parties had agreed. [Exhibit B]. *See American Appraisal Associates, Inc. v. American*, 531 F.Supp.2d 1353 (S.D.Fla 2008); *Carpaneda v. Quayside Place Partners*, LLP, NR in F.Supp.2d, 2010 WL 268138 (S.D.Fla. 2010); *compare Davidoff v. Bank of America*, NR in F.Supp.2d, 2011 WL 999564 (S.D.Fla. 2011)(settlement was not enforceable because "there was not an unconditional acceptance of an offer identical with the terms of the offer" where acceptance was explicitly conditioned upon review of a credit deletion letter which condition was not shown to be satisfied).

Based on the forgoing authorities, Defendants' Joint Motion to Enforce the Settlement should be granted.

Dated: July 8, 2013.                    Respectfully Submitted,

/s/ Alan E. Krueger
Alan E. Krueger
(FBN 151680)
Assistant City Attorney
akrueger@hialeahfl.gov
Hialeah City Attorney's Office
501 Palm Avenue
Hialeah, Florida 33011-0040
Telephone: (305)883-5853
Facsimile: (305)883-5896

/s/ Devang Desai
Devang Desai
(FBN 664421)
Gaebe, Mullen, Antonelli, & DiIMatteo, P.A.
ddesai@gaebemullen.com
420 South Dixie Highway, Third Floor
Coral Gables, FL 33146
Telephone: (305)667-0223
Facsimile: (305)284-9844

**Certificate of Local Rule 7.1(a)(3) Compliance**

I hereby certify that counsel for Defendants has made reasonable effort to confer with Plaintiffs' counsel in a good faith effort to resolve by agreement the issues to be raised in the motion and that Plaintiff's counsel has been unable to do so "based on ... [his] client's position" as set forth in DE#33.

**Certificate of Service**

I hereby certify that the foregoing document is being served this 8th day July, 2013, on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

William M. Grodnick
City Attorney

Alan E. Krueger
Assistant City Attorney
City of Hialeah
501 Palm Avenue
P.O.Box 11-0040
Hialeah, Florida 33011-0040
305/883-5853
By /s/ Alan E. Krueger
Alan E. Krueger
FBN 151680

\L13-007\Defendants' Joint Motion to Enforce Settlement.wpd

8

**SERVICE LIST**
**John Torres vs. City of Hialeah et al.**
**Case No. 12-CIV-24463-COOKE/TURNOFF**
**United States District Court, Southern District of Florida**

Leonard P. Fenn, Esq.
DeFABIO and FENN, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129.
Telephone: (305) 448-7200
Facsimile: 305-444-0913
fennlawoffice@bellsouth.net
Attorneys for Plaintiff Torres
Service by CM/ECF

Mark R. Antonelli, Esq.
Devang Desai, Esq.
GAEBE, MULLEN, ANTONELLI, &
DIMATTEO, P.A.
420 South Dixie Highway, Third Floor
Coral Gables, FL 33146
Telephone: (305)667-0223
Facsimile: (305)284-9844
mantonelli@gaebemullen.com
ddesai@gaebemullen.com
Attorneys for Defendants Miguel & Lopez
Service by CM/ECF

Alan E. Krueger, Esq.
Assistant City Attorney
Hialeah City Attorney's Office
501 Palm Avenue
Hialeah, Florida 33011-0040
Telephone: (305) 883-5853
Facsimile: (305) 883-5896
akrueger@hialeahfl.gov
Attorneys for Defendant City of Hialeah
Service by CM/ECF